UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SANDRA JOSEPH,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SANDRA JOSEPH, a Florida citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff SANDRA JOSEPH is sui juris and at all material times has been a citizen and resident of the state of Minnesota.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on admiralty pursuant to 28 U.S.C. §1333.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff gave timely written notice of her injury to Defendant CARNIVAL through a letter sent by her counsel on March 11, 2019, within six months after her injury, of which the Defendant acknowledged receipt on July 2, 2019.

## LIABILITY AND DAMAGE ALLEGATIONS

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "SENSATION."

12. At all material times, including the injury date of March 4, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "SENSATION" and in that capacity was lawfully present aboard the vessel.

13. On March 4, 2019, the Defendant marketed an excursion to the Plaintiff to Half Moon Cay via catamaran sent from the "SENSATION" and accordingly reasonably expected and foresaw that the Plaintiff would arrive at the beach on Half Moon Cay.

14. On the date referenced in the preceding paragraph, while descending steps near the water sports area at Half Moon Cay, the Plaintiff slipped on a wet area and fell, thereby sustaining injuries to her right ankle including a fracture.

15. At all material times, the Defendant CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps adequately to warn its passengers, including the Plaintiff, of dangerous conditions of which it knew or should have known in the exercise of reasonable care, including such dangerous conditions located in areas where it reasonably foresaw or anticipated the Plaintiff's presence, such as Half Moon Cay.

16. At all material times there existed a dangerous condition on the beach at Half Moon Cay where the Plaintiff walked, specifically a wet, slippery area on the stairs near the water sports

area, posing a slip and fall hazard to Defendant's passengers traversing the area, including the Plaintiff.

17. At all material times CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition referenced in the preceding paragraph due to the length of time it had been present, the occurrence of prior similar incidents, or otherwise.

18 Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition alleged above, CARNIVAL failed before the Plaintiff fell and was injured adequately to warn passengers including the Plaintiff of the dangerous condition through orally delivered or written warnings, appropriate markings or signage, cordoning off the dangerous area, or otherwise and was thereby negligent.

19. As a direct and proximate result of slipping and falling on the steps as alleged in Paragraph 14 above, and hence of the negligent failure of CARNIVAL to warn passengers including the Plaintiff of the hazard as alleged above, the Plaintiff was injured in and about her body and extremities, sustaining injuries including right knee injuries, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she lost earnings and earning capacity incurred past and future medical, hospital, and other out of pocket and health care expenses as a result of her injuries; the future medical, hospital, and health care expenses being reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 2nd day of December, 2021.

*s/Nicholas Gerson*
Philip M. Gerson, Esq.
Florida Bar No.: 127290
pgerson@gslawusa.com
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
Edward S. Schwartz , Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
David L. Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
Jared Ross, Esq.
Florida Bar No. 0083857
jross@gslawusa.com
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:     (305) 371-5749
*Attorneys for Plaintiff*